George E. Edmondson for use of Warner's Features, Inc., Appellant, v. Rudolph Pfeiffer, Appellee.

George E. Edmondson for use of Kingan & Company, Ltd., Appellant, v. Rudolph Pfeiffer, Appellee.

Gen. No. 6,098.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

### Statement of the Case.

Garnishment by George E. Edmondson, plaintiff, for use of Warner's Features, Inc., and by George E. Edmondson for use of Kingan & Company, Ltd., a corporation, against Rudolph Pfeiffer, in the Circuit Court of Peoria county. From a judgment for garnishee, plaintiff appeals.

KIRK & SHURTLEFF, for appellant.

EVANS & EVANS, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

CONTRACTS, § 349*—*when money due on contract can be recovered only by persons for whose benefit contract made.* In an action of garnishment where the funds sought to be garnished as belonging to defendant were paid to him under a written building contract whereby garnishee promised to pay to defendant the amount of his pay roll for the preceding week as shown by an itemized statement of the amount paid for all labor employed by him during the week on such buildings, and that on the following Monday defendant should furnish garnishee with a receipt in full payment for labor performed by each workman during such week, and which contract further provided that the clause referred to should be construed to mean that such amount was delivered to defendant for the express purpose of paying such pay roll, and not in any sense

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

as a payment to defendant, who was forbidden thereby to use the amount for any other purpose, a ruling of the trial court construing such contract as creating a liability in favor of the workmen named in the pay roll *held* not erroneous, there being a direct promise to pay such amount for the benefit of such workmen, and it being probable that the clause was inserted in the contract to protect garnishee against liens which might have been preserved but for such payment.